IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Marilyn A. Warren,  Civil No. 04-6391-AA
                    OPINION AND ORDER
    Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

---

Michael Halliday
Schlegel, Jarman, & Simons, LLP
544 Ferry St. SE, Suite 2
PO Box 2205
Salem, OR 97308
    Attorney for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Neil Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Daphne Banay
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

///

///

1   - OPINION AND ORDER

1  AIKEN, Judge:

2  Claimant, Marilyn Warren, brings this action pursuant to
3  the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and
4  1383(c)(3), to obtain judicial review of a final decision of
5  the Commissioner. The Commissioner denied the plaintiff's
6  application for Supplemental Security Income (SSI) and
7  Disability Insurance Benefits (DIB) under Titles XVI and II of
8  the Social Security Act. 42 U.S.C. §§ 1381-83(f). For the
9  reasons set forth below, the Commissioner's decision is
10 remanded for further proceedings.

**PROCEDURAL BACKGROUND**

On October 23, 2001, the plaintiff filed applications for DIB and SSI. Tr. 46-48, 380-82. The applications were denied initially and on reconsideration. Tr. 35-39, 40-42, 384-88, 390-92. The plaintiff requested a hearing, which was held on February 24, 2004. Tr. 396-424.

The ALJ issued a decision on April 30, 2004, finding that the plaintiff was not disabled because she could perform her past relevant work as a general clerk, a bookkeeper, and a payroll clerk. Tr. 23, 24, Finding 7. The ALJ also found that in the alternative, the plaintiff was not disabled because she could perform other work existing in significant numbers in the economy, such as a credit clerk and a sorter. Tr. 23, 24, Finding 8.

The Appeals Council denied the plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 9-11. See 20 C.F.R. §§ 404.210, 416.1481.
///

2   - OPINION AND ORDER

**STATEMENT OF THE FACTS**

The plaintiff was 58 years old at the time of the hearing. Tr. 46. She has a high school education, and her past relevant work experience includes employment as a receptionist, general office clerk, bookkeeper, telemarketer, payroll clerk, scheduler, and home attendant, Tr. 23, 68, 77, 412. 102, 156.

The plaintiff alleged disability since July 1, 2000 due to chronic depression, a damaged heart valve, obesity, and high blood pressure. Tr. 46, 62, 380. The relevant medical evidence is discussed below.

**STANDARD OF REVIEW**

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

3    - OPINION AND ORDER

mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary.

In step five, the Secretary must establish that the

4     - OPINION AND ORDER

claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

In the plaintiff's case, the ALJ found at step one that the plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. Tr. 18, 24, Finding 2. This finding is not in dispute.

At step two, the ALJ found that the plaintiff's depression and valvular heart disease were a severe impairment or combination of impairments. Tr. 21, 24, Finding 3. This finding is not in dispute.

At step three, the ALJ found that the plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 21, 24, Finding 4. This finding is in dispute.

The ALJ determined that the plaintiff had the residual functional capacity to perform unskilled to semiskilled work at less than a full range of light and a full range of sedentary exertional level, with limited interaction with the general public. Tr. 22, 24, Finding 6. This finding is in dispute.

At step four, the ALJ found that the plaintiff could perform her past relevant work as a general clerk, bookkeeper, or payroll clerk. Tr. 23, 24, Finding 7. This finding is in dispute.

At step five, the ALJ found that, based on the above residual functional capacity, the plaintiff could perform work

5    - OPINION AND ORDER

as a credit clerk and sorter. Tr. 23, 24, Finding 8. This finding is in dispute.

The plaintiff alleges that the ALJ erred by improperly rejecting the opinion the plaintiff's treating psychiatrist, improperly discrediting the plaintiff's testimony, and ignoring relevant lay witness testimony.

## DISCUSSION

The plaintiff argues that the ALJ improperly rejected the September 12, 2001 opinion of Dr. Laramore, the plaintiff's treating psychiatrist. Furthermore, the plaintiff notes an August 10, 2004 opinion by the doctor, which was submitted to the Appeals Council after the ALJ issued his decision and gives updated information relevant to this decision. Tr. 395.

Evidence that was not before the ALJ should not lead to a reversal of the ALJ's decision for a payment of benefits; however, this new evidence may be reviewed to determine whether a remand is necessary to allow the ALJ to further consider it. Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir. 2000). The decision to remand for further proceedings turns upon the likely utility of such proceedings. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).

The fact that Dr. Laramore's opinion is that of a treating physician weighs in favor of a remand being warranted. Treating physicians are employed to cure and have greater opportunity to know and observe their patients; as such their opinions are given greater weight than opinions of other physicians. Rodriguez v. Bowen, 876 F.2d 759, 761-62 (9th Cir. 1989). However, an ALJ "need not accept a treating physician's opinion that is

6   - OPINION AND ORDER

conclusory and brief and unsupported by clinical findings." Batson v. Comm'r. of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004). The defendant argues that Dr. Laramore's 2004 opinion is based solely on the plaintiff's self-reported history and is without clinical substantiation, and therefore does not warrant a remand.

However, clinical substantiation exists in the objective evidence given by Dr. Laramore in reaching her opinion. The doctor cited the plaintiff's family history of severe mental illness. Tr. 395. The doctor's opinion that the plaintiff had residual depressive symptoms of low motivation, procrastination, low energy, and reluctance to be involved socially was supported by objective evidence. Id. This evidence includes the plaintiff failing to follow the doctor's advice to start going to the gym for exercise; failing to attend a recommended depression support group; procrastinating getting a volunteer job; stopping participation in her Bible study group; and engaging in mostly restricted and solitary activities, such as working on her garden, reading, or working on her computer. Id. The doctor also provided support for her opinion that the plaintiff decompensates due to stress, citing the plaintiff's history of short-lived jobs. Id. This objective evidence goes beyond the alleged "self-reported" symptoms of depression. Therefore, this opinion has evidentiary value.

Additionally, the testimony of the plaintiff's daughter, which the ALJ failed to address, is relevant to the issue of the plaintiff's history of decompensating due to job stress. In a memorandum dated February 28, 2002, the plaintiff's daughter

7   - OPINION AND ORDER

stated that the plaintiff:

> "is unable to cope with the normal stresses of the work world in any capacity. The only time I have seen things get better for her was when she was not under the stress of working, no matter how insignificant or stress free the type of job was deemed to be. I have seen her unable to handle even the most menial positions that are often held by high school students, who work while they are attending school. The fact is that saying my mother may "have limitations" is a huge understatement. More accurately, her life becomes a wreck when she is exposed to the stress of making a living." Tr. 118.

An ALJ is required to take into account lay testimony as to a claimant's symptoms, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ erred by failing to give reasons explaining why he disregarded the testimony of the plaintiff's daughter.

Generally, an ALJ must articulate grounds to discredit testimony in the original decision. Varney v. Secretary of Health and Human Services, 859 F.2d 1397, 1398-99 (9th Cir. 1988). If it is clear that the ALJ would be required to award benefits if the testimony were credited, the court will not remand solely to allow the ALJ to make specific findings regarding that testimony. McCartney v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002). In this case it is not clear that the ALJ would be required to award benefits; furthermore, this court has discretion to determine whether to "credit as true" or remand. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). For the reasons discussed below, this court finds that a remand is appropriate.

The decision to remand for further proceedings turns upon the likely utility of such proceedings. Lewin, 654 F.2d at 635.

8   - OPINION AND ORDER

According to <u>Smolen v. Chater</u>, further proceedings are appropriate if outstanding issues must be resolved before a determination of disability can be made. 80 F.3d 1273, 1292 (9th Cir. 1996). The outstanding issues in the plaintiff's case are whether the ALJ was correct in determining that the plaintiff's depression and fatigue have improved since her successful gastric surgery and subsequent weight loss.

In making this determination, the ALJ referred to Dr. Laramore's 2001 letter and discredited it in part because since that letter was written, the doctor's treatment notes show improvement in the plaintiff's mood with respect to the plaintiff's depression. Tr. 21. The ALJ also discredited medical source opinions of the non-examining state medical examiners, stating that these opinions were based only on information contained in the record at the time of the state agency reconsideration, and that additional medical evidence received in the course of developing the claimant's case for review justified a different conclusion than that of the examiners. Tr. 22. The ALJ also discredited the plaintiff's testimony, stating that her allegations were disproportionate to the medical and psychological record. <u>Id</u>. The ALJ's conclusion was that the plaintiff's depression is managed by medications, if not in remission, and that any exacerbations of her fatigue caused by obesity must have been lessened by the successful gastric surgery and subsequent weight loss (at the time of the hearing, the plaintiff reported losing 80 pounds). Tr. 22, 409.

In light of the August 2004 opinion of Dr. Laramore, a remand would be useful in sorting out these issues. This opinion

9 - OPINION AND ORDER

stated that the plaintiff's depression was still a significant factor preventing her from working. Tr. 395. This casts doubt on the ALJ's conclusions that the plaintiff's depression was under control and that the plaintiff's allegations were disproportionate to the record. Also, on January 18, 2002, Dr. Bates-Smith reviewed the plaintiff's medical records and concluded "[s]ignificant fatigue is indicated and attributed to heart condition (sic), while [the medical record] suggests this is more a reflection of her depressive symptoms." Tr. 302. If the plaintiff's depression is the major cause of her fatigue and the depression is still not controlled, the ALJ erred in concluding that the plaintiff's fatigue must have been lessened by the plaintiff's weight loss.

A remand will allow the ALJ to take into consideration Dr. Laramore's August 2004 letter to determine whether the complete medical evidence justifies reaching the same conclusions about the current status of the plaintiff's depression, the plaintiff's credibility, and how the plaintiff's fatigue is impacted by her weight loss. The ALJ also must comment on the lay testimony of the plaintiff's daughter regarding the plaintiff's history of decompensation due to job-related stress.

///
///
///
///
///
///

## CONCLUSION

The Commissioner's decision is therefore remanded for further proceedings.

IT IS SO ORDERED.

Dated this 7 day of September, 2005.

*Ann Aiken*
Ann Aiken
United States District Judge

11   - OPINION AND ORDER